# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY and REGINA HULL, )<br>individually and on behalf of those )<br>similarly situated, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>VIEGA, INC., et al., )<br>)<br>Defendants. )<br>_____) | Case No. 12-2086-JAR-DJW |

## ORDER

This matter is before the Court pursuant to two Show Cause Orders. The first Notice and Order to Show Cause (Doc. 22), required Plaintiffs to show good cause by July 2, 2012, why service of the Summons and Complaint was not made in this case upon Defendants Viega GMBH & CO. KG and Viega International GMBH within 120 days from the filing of the Complaint, and why this action should not be dismissed as to those Defendants without prejudice. The second Notice and Order to Show Cause (Doc. 23), required Plaintiffs to show good cause by July 2, 2012, why this case should not be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) as to Defendant Vanguard Industries, Inc. Plaintiffs have timely filed responses to both show cause orders.[1] For the reasons stated below, the Court finds that Plaintiffs have made a sufficient good cause showing to satisfy both of the show cause orders.

Plaintiffs have shown good cause why service of the Summons and Complaint was not

---

[1] Docs. 28, 29.

made in this case upon defendants Viega GMBH & CO. KG and Viega International GMBH (Defendants) within 120 days from the filing of the complaint, and why this action should not be dismissed as to those Defendants without prejudice. Plaintiffs' Complaint was filed on February 8, 2012.[2] Defendants are foreign corporations domiciled in Germany. On May 31, 2012, Plaintiffs filed a motion seeking appointment of a special process server, APS International, Ltd., (APS) in order to effectuate service on Defendants as authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.[3] The motion was granted and summonses were issued for the Defendants on June 4, 2012.[4] On June 6, 2012, certified copies of the Complaint, Summons, and Order were forwarded to APS for service on Defendants, and APS is currently in the process of translating the documents to be served on Defendants. Plaintiffs believe that once that process is complete, service on Defendants will be completed under the Hague Convention within twelve weeks, if not sooner.

Federal Rule of Civil Procedure 4(m) states, in relevant part:

**Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice. . . . *This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).*[5]

Defendants are foreign companies which Plaintiffs are attempting to serve pursuant to Rule 4(f) (through the Hague Convention), and the 120 day service limitation in Rule 4(m) does not apply to service on these Defendants. Plaintiffs have shown good cause why this action should not be

---

[2] Doc. 1.

[3] Doc. 13; *see* Fed. R. Civ. P. 4(h)(2) and 4(f)(1).

[4] Doc. 14.

[5] Fed. R. Civ. P. 4(m) (emphasis added).

dismissed as to these Defendants.

Plaintiffs have also made a good cause showing with regard to the second Show Cause Order (Doc. 23). Although the Notice and Order to Show Cause states that service of the Summons and Complaint was accomplished on Defendant Vanguard Industries, Inc., on March 29, 2012, Plaintiff has clarified that the "Vanguard Industries, Inc." served by Plaintiffs was a Delaware version of Vanguard Industries, Inc., the incorrect entity to serve for purposes of this litigation. On June 20, 2012, Plaintiffs served the Complaint and Summons on the Kansas version of Vanguard Industries, Inc., which Plaintiffs now understand to be the correct entity for purposes of this litigation.[6]

Plaintiffs request an order finding that their service of the Kansas Vanguard Industries, Inc., on June 20, 2012 was timely or, in the alternative, an order extending Plaintiffs' time for service on such entity to June 20, 2012, so as to render Plaintiffs' service of that entity timely. Plaintiffs' service on the Kansas entity occurred less than two weeks after the expiration of the deadline set forth in Rule 4(m) and no party will be prejudiced if Plaintiffs' service is deemed timely. The Court has not entered a scheduling order in this case and these proceedings will not be delayed if Vanguard Industries, Inc., remains a defendant in this case. The Court finds that Plaintiffs have shown good cause why this case should not be dismissed for lack of prosecution as to Defendant Vanguard Industries, Inc. Furthermore, the Court finds that Plaintiffs' service on the Kansas version of Vanguard Industries, Inc., shall be deemed timely.

**IT IS SO ORDERED.**

**Dated: July 19, 2012**

---

[6] Doc. 25.

S/ Julie A. Robinson

**JULIE A. ROBINSON**

**UNITED STATES DISTRICT JUDGE**