# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JIMMY and REGINA HULL,<br>individually and on behalf of those<br>similarly situated, et. al., | ) <br> ) <br> ) <br> ) | |
|        Plaintiffs, | ) <br> ) | Case No. 12-2086-JAR-DJW |
| v. | ) <br> ) | |
| VIEGA, INC., et al., | ) <br> ) | |
|        Defendants. | ) <br> ) | |

## <u>ORDER STAYING CASE</u>

This Federal Rule of Civil Procedure 23 class action arises out of the installation of allegedly defective high-zinc-content "yellow brass" plumbing fittings in residences throughout the Las Vegas area.  Defendants filed a renewed Motion to Dismiss and Strike Pursuant to Fed. R. Civ. P. 12(b)(1), (6), (f) and 23 (Doc. 52), in which they seek dismissal of the case on multiple grounds, and also move to strike Plaintiffs' class allegations on the grounds that it is evident from the face of the Complaint that, as a matter of law, Plaintiffs are unable to satisfy the requirements for certification under Rule 23.  In their response, Plaintiffs acknowledge that Plaintiffs Meyer, O'Brien and Tessier are class members in a separate case filed in the United States District Court for the District of Nevada, brought on these same claims against these same Defendants, brought by the same Plaintiffs' counsel:  *Waterfall Homeowners Ass'n v. Viega, Inc., et al.*, No. 11-cv-01498-F ("*Waterfall*").[1]  Plaintiffs have filed a Motion for Leave to Substitute Plaintiff and Amend Complaint (Doc. 60), setting forth their desire to substitute a

---

[1]*Waterfall* consists of three consolidated putative class actions brought by Nevada homeowners associations and individual members.

replacement named plaintiff and proposed class representative from Arizona, who will pursue claims only on behalf of Arizona residents.

On September 6, 2013, Defendants filed a Notice of Injunction Against Plaintiffs' Further Prosecution of Claims and Order Staying Such Proceedings (Doc. 66). In the Notice, Defendants advise the Court that this proceeding is subject to a stay order issued to allow orderly consideration of a nationwide class settlement in *Verdejo v. Vanguard Piping Systems, Inc., et al.*, Case No. BC448383 (L.A. Super.), of which Plaintiffs are putative class members. A Fairness Hearing is scheduled for December 2, 2013, in the Los Angeles County Superior Court. Defendants contend that the Full Faith and Credit Clause, considerations of comity, and general equitable principles compel this Court to respect the *Verdejo* injunction and stay.

On September 11, 2013, this Court entered an Order directing Plaintiffs to show cause in writing to the undersigned why this case should not be stayed pending resolution of the *Verdejo* nationwide class settlement (Doc. 67). Plaintiffs have responded (Doc. 68), and Defendants have replied (Doc. 70). Plaintiffs also move for leave to file a supplemental brief (Doc. 72), which Defendants oppose with a Notice of Confirmation of Stay in Related Cases (Doc. 74).

Federal courts routinely stay litigation and defer to class settlement proceedings in state court unless the party challenging the stay can show a "compelling reason why this court should not stay this [federal] action."[2] On October 25, 2013, the *Waterfall* court entered an order

---

[2]*See, e.g.*, *Advanced Internet Techs., Inc. v. Google, Inc.*, Nos. C-05-02579 RMS, C-05-02885 RMW, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006) (staying federal litigation in light of class settlement proceedings in Arkansas state court); *Chartnener v. Provident Mut. Life Ins. Co.*, No. Civ. A. 02-8045, 2003 WL 2251826, at *5 (E.D. Pa. Oct. 22, 2003) (deferring to state court class settlement proceedings because plaintiff did not establish "that a stay of the proceedings before this [federal] Court would unduly prejudice his claims.").

staying all proceedings in the three consolidated putative class actions before it.[3] This Court joins with Judge Freudenthal in holding that Plaintiffs have not shown a compelling reason why this case should not be stayed. Indeed, the time-frame needed to protect the rights of those individuals who wish to benefit from the *Verdejo* settlement is not lengthy, as a Fairness Hearing is set for December 2, 2013. If any of the individuals in this case exercise a valid opt-out in *Verdejo*, it appears they may choose to continue litigation after the *Verdejo* settlement is addressed, either in this Court or elsewhere, or exercise other options. Accordingly,

**IT IS ORDERED BY THE COURT** that all matters relating to this case and claims against Defendants are STAYED pending further order of the Court.[4] Plaintiffs shall file a status report on or before December 12, 2013, notifying the Court of the outcome of the December 2, 2013 Fairness Hearing in *Verdejo*.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Supplemental Brief (Doc. 72) is denied as moot.

**IT IS SO ORDERED.**

Dated: October 28, 2013

           S/ Julie A. Robinson
           JULIE A. ROBINSON
           UNITED STATES DISTRICT JUDGE

---

[3] Doc. 74, Ex. 1.

[4] The Court notes that although the *Verdejo* order excepted any proceedings necessary to effectuate dismissal, under the circumstances of this case it is in the interest of judicial economy to defer ruling on the pending motions until after the nationwide class settlement is addressed.